ROCK ISLAND PLOW COMPANY, Appellant, v. MAYNARD SAVINGS BANK, *et al.*

**Sales:** INNOCENT PURCHASER: POSSESSION. A purchaser of property without notice of his vendor's conditional ownership will take good title, and this is so although he may have been in possession of the property at the time of purchase.

**Pleadings:** ESTOPPEL. An amendment to a petition alleging an estoppel because of representations inducing forbearance to institute bankruptcy proceedings, but failing to allege facts which would sustain involuntary bankruptcy, should be stricken out.

**Estoppel.** An estoppel cannot be based upon representations concerning property which are true and made without knowledge that the party claimed an interest in the property or contemplated action in respect thereto.

*Appeal from Fayette District Court.*—HON. L. E. FELLOWS, Judge.

SATURDAY, APRIL 16, 1904.

SUIT to recover specific personal property. Trial to the court, and a judgment for the defendants. The plaintiff appeals.—*Affirmed.*

*Main & Griffiths* and *W. J. Rogers* for appellant.

*Clements & Clements* for appellees.

SHERWIN, J.—The plaintiff sold the property in question to an implement dealer, under an agreement that the title thereto should not pass to such dealer until it was paid for. This conditional contract was not recorded, nor did the de-

fendant bank have notice or knowledge thereof before the institution of this suit. At the time this contract was made and the property delivered to the dealer, the Maynard Savings Bank held a chattel mortgage upon the dealer's stock, which did not cover after acquired property. The stock covered by the mortgage, as well as the property in question, was taken possession of by the bank under its mortgage. Two or three days thereafter, it was discovered that the property sold to the dealer by the plaintiff was not covered by the mortgage, whereupon an agreement was made between the bank and the mortgagor, whereby the property was sold absolutely to the bank, the consideration being the return and cancellation of the dealer's notes and mortgage then held by the bank.

The plaintiff's sale to the dealer is admitted to have been a conditional one, and invalid as against any creditor or purchaser of its vendee in actual possession, unless the purchaser had notice thereof under section 2905 of the Code. If it be necessary, under this statute, that the purchaser pay a valuable consideration for the property bought, it does not help the plaintiff's case, because it is shown beyond dispute that the bank paid full consideration for the property by surrendering the vendor's notes and mortgage. It is said that, because the bank was in possession at the time of the sale, it is not protected by the statute, but we do not think this contention serious. The mortgagor had been in possession but a day or two before the sale, and was dispossessed by the act of the bank in taking the property. The possession of no third person had intervened, and it must be held, we think, that, when it was determined that the bank had no claim upon the property by virtue of its mortgage, the possession and right of possession of the property were in the vendor. *Vorse v. Loomis et al.,* 86 Iowa, 522. It certainly would have been an idle and unnecessary proceeding for the bank to have formally surrendered possession to the vendor for an instant of time, or long enough for the purchase to be made, and this the law does not require.

After the evidence had been introduced upon the trial, the plaintiff filed an amendment to its petition, in which it was alleged that the bank had stated to its attorney that it held possession of the property in controversy under its mortgage, and that, relying upon such statement, it had neglected to institute bankruptcy proceedings against the vendor until it was too late to do so, and that because thereof the bank was estopped from then claiming the property as a purchaser. This amendment was stricken upon motion, and the plaintiff's most serious complaint is based upon the ruling, and upon the subsequent refusal of the court to render judgment in its favor because of such alleged estoppel. Treated as a proper amendment to the petition, the pleading failed to allege facts which would have sustained involuntary bankruptcy proceedings, and hence it was properly stricken, and after it was stricken there was no issue before the court upon which it could have sustained the judgment contended for.

Moreover, if the issue had been there, the evidence would have been wholly insufficient to support the estoppel pleaded. No representations were made to the plaintiff which were not strictly true, and even those that were made were made without any knowledge that the plaintiff had or claimed any interest in the property, or that it contemplated action of any kind in reference thereto.

The motion to strike the amended abstract because not filed in time is overruled, and the judgment is AFFIRMED.